**Vinson&Elkins**

Stephen M. Medlock smedlock@velaw.com
Tel +1.202.639.6578 Fax +1.202.879.8939

**VIA ECF**  May 13, 2024

The Honorable Edgardo Ramos
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:   *Adventist Health System Sunbelt Healthcare Corp. v. MultiPlan, Inc.*, No. 23-cv-07031-ER

Dear Judge Ramos:

I write on behalf of Plaintiff Adventist Health System Sunbelt Healthcare Corporation ("AHS") in response to the May 10, 2024 Notice of Supplemental Authority filed by Defendant MultiPlan, Inc., which attaches a May 8, 2024 decision in *Gibson v. Cendyn Group, LLC,* No. 2:23-cv-00140 (D. Nev.). *See* Dkts. 76 & 76-1. AHS has already explained why the first motion to dismiss opinion in *Gibson* was based on allegations that bear no resemblance to the facts AHS pleads here. *See* Dkt. 70 at 25-26. That is still true with respect to the second motion to dismiss opinion in *Gibson*.  For example:

- The *Gibson* plaintiffs alleged only vertical agreements between a pricing software provider and the users of that software, and the court dismissed for lack of allegations of "tacit collusion" between the users. Dkt. 76-1 at 6. Here, AHS alleges that MultiPlan and its customers are *horizontal* competitors who have *explicitly* colluded to underpay doctors and hospitals through written contracts.  Dkt. 1 at ¶¶ 54-62, 83-115.[1]

- The pricing software in *Gibson* allegedly issued mere pricing "recommendations," which users frequently rejected. Dkt. 76-1 at 13-16. By contrast, AHS alleges that MultiPlan "is not merely making recommendations"; payors are "completely abdicating all pricing authority" to their competitor MultiPlan. Dkt. 1 at ¶¶ 73-74, 104.

- The *Gibson* defendants allegedly provided only *publicly-available* information to a third-party software company. Dkt. 76-1 at 7-13. Here, AHS alleges that the members of the MultiPlan Cartel provide terabytes of confidential real-time pricing data to MultiPlan, such that "MultiPlan knows exactly what its competitors are charging for specific medical services and procedures." Dkt. 1 at ¶¶ 208-20 (MultiPlan and competing payors share real-time, highly-detailed claims data that is not publicly available in order to facilitate their common method for suppressing out-of-network claims pricing); *see also id.* at ¶¶ 103, 106, 211 (MultiPlan provided confidential pricing information to competing payors to coach them on how to suppress reimbursement prices for out-of-network claims).

---

[1] This conduct is so obviously illegal and anticompetitive that an exhaustive *New York Times* investigation concluded that MultiPlan is the ringleader of a "lucrative, little-known alliance" that harms both healthcare providers and patients. *See, e.g.*, Chris Hamby, *Health Insurers' Lucrative Alliance that Dives Up Patient Bills*, N.Y. TIMES (Apr. 7, 2024), https://shorturl.at/nrKR3. Indeed, Senator Amy Klobuchar recently called for the Antitrust Division of the Department of Justice to open an investigation into MultiPlan. *See* Sen. Klobuchar, Ltr. to Jonathan Kanter and Lina Khan (Apr. 29, 2024), https://shorturl.at/hjxHV; *see also* Chris Hamby, *Collusion in Healthcare Pricing? Regulators Are Asked to Investigate*, N.Y. TIMES (May 1, 2024), https://shorturl.at/hkxBI ("There seems to be a really strong case [against MultiPlan].").

**Vinson & Elkins LLP Attorneys at Law**
Austin Dallas Dubai Houston London Los Angeles
New York Richmond San Francisco Tokyo Washington

2200 Pennsylvania Avenue NW, Suite 500 West
Washington, DC 20037-1701

V&E

Because AHS' complaint contains precisely the factual allegations that were lacking in *Gibson,* the Court's most recent decision in *Gibson* underscores why MultiPlan's motion to dismiss should be denied.

> Respectfully submitted,
> ***/s/ Stephen M. Medlock***
> Stephen M. Medlock
> VINSON & ELKINS LLP